UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD RAYNOR, *Plaintiff,* | : | CIV. NO. 3:26-cv-00359(KAD) |
| vs. | : | |
| CITY OF HARTFORD, ET AL., *Defendants.* | : | JULY 6, 2026 |

**DEFENDANTS WILLIAM SIEMIONKO AND MARK ROSTKOWSKI'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 8(b), defendants, WILLIAM SIEMIONKO and MARK ROSTKOWSKI, hereby Answer and assert Affirmative Defenses to plaintiff DONALD RAYNOR's First Amended Complaint, filed on or about March 26, 2026 [Doc. 12].

**PRELIMINARY STATEMENT**

1. So much of Paragraph 1 as alleges, "On June 14, 2013, Donald Raynor, then twenty-seven years old, was arrested and charged with the murder of Delano Gray," is admitted. As to the remaining allegations of Paragraph 1, including footnote 1, defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 1 and, accordingly, leave the plaintiff to his burden of proof.

2. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 2 and, accordingly, leave the plaintiff to his burden of proof.



**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

3. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 3 and, accordingly, leave the plaintiff to his burden of proof.

4. So much of Paragraph 4 as alleges, "The first trial resulted in a mistrial," is admitted. As to the remaining allegations of Paragraph 4, defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 4 and, accordingly, leave the plaintiff to his burden of proof.

5. So much of Paragraph 5 as alleges, "In March 2024, Mr. Raynor proceeded to trial for a third time," and "On March 11, 2024, the jury returned a not guilty verdict, and Mr. Raynor was released from prison," is admitted. As to the remaining allegations of Paragraph 5, defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 5 and, accordingly, leave the plaintiff to his burden of proof.

6. Paragraph 6 in denied.

7. Paragraph 7 is denied.

8. Paragraph 8 is denied.

9. As to so much of Paragraph 9 as alleges, "The State, in prosecuting Mr. Raynor, also placed primary emphasis on the forensic work of Defendant James Stephenson, who was then employed by the Connecticut Forensic Lab," defendants lack sufficient personal knowledge or information on


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

which to form an opinion or belief as to the truth of the allegations of Paragraph 9 and, accordingly, leave the plaintiff to his burden of proof. The remaining allegations of Paragraph 9 are denied.

10. Paragraph 10 is denied.

**PARTIES**

11. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 11 and, accordingly, leave the plaintiff to his burden of proof.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted.

14. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 14 and, accordingly, leave the plaintiff to his burden of proof.

15. Paragraph 15 is admitted.

16. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 16 and, accordingly, leave the plaintiff to his burden of proof.

17. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 17 and, accordingly, leave the plaintiff to his burden of proof.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

18. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 18 and, accordingly, leave the plaintiff to his burden of proof.

## JURISDICTION AND VENUE

19. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 19 and, accordingly, leave the plaintiff to his burden of proof.

20. Paragraph 20 is admitted.

21. Paragraph 21 is admitted.

22. Paragraph 22 is admitted.

## JURY DEMAND

23. Paragraph 23 is admitted.

## FACTS

### I. The Murder of Delano Gray: The Investigation

24. Paragraph 24 is admitted.

25. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 25 and, accordingly, leave the plaintiff to his burden of proof.



**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

26. Paragraph 26 is admitted.

27. So much of Paragraph 27 as alleges, "recovered a .223 Kel-Tec SU-16 assault rifle", is admitted. As to the remaining allegations of Paragraph 27, including footnote 2, defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 27 and, accordingly, leave the plaintiff to his burden of proof.

28. Paragraph 28 is admitted.

29. So much of Paragraph 29 as alleges, "The arrest was part of an ongoing investigation conducted as a joint effort of federal agencies such as the ATF and DEA, and the Hartford Police Department. Upon information and belief, one or more of the defendants was cross designated as Task Force Officers through the course of investigation, meaning they cooperated closely with their federal counterparts and shared information as part of their joint effort," is admitted. As to the remaining allegations of Paragraph 29, defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 29 and, accordingly, leave the plaintiff to his burden of proof.

30. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 30 and, accordingly, leave the plaintiff to his burden of proof, including as to footnote 3.

31. Paragraph 31 is admitted.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

32. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 23 and, accordingly, leave the plaintiff to his burden of proof.

33. As to paragraphs 33 (a) – (c) defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations and, accordingly, leave the plaintiff to his burden of proof.

34. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 34 and, accordingly, leave the plaintiff to his burden of proof.

35. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 35 and, accordingly, leave the plaintiff to his burden of proof.

36. So much of Paragraph 36 as alleges, "The Baltimore Street shooting took place on February 16, 2008," is admitted. As to the remaining allegations of Paragraph 36, defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 36 and, accordingly, leave the plaintiff to his burden of proof.

37. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 37 and, accordingly, leave the plaintiff to his burden of proof.



**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

38. So much of Paragraph 38 as alleges, "In April 2011, Parker's son was killed in a shooting," is admitted. As to the remaining allegations of Paragraph 38, defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 38 and, accordingly, leave the plaintiff to his burden of proof.

39. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 39 and, accordingly, leave the plaintiff to his burden of proof.

40. So much of Paragraph 40 as alleges, "On June 5, 2013, Detectives Rostkowski and Siemionko served as affiants for the arrest of Donald Raynor for the Gray murder," is admitted. As to the remaining allegations of Paragraph 40 (a) – (c), the arrest warrant affidavit is a written document to which reference is made for its full terms and conditions.

41. Paragraph 41 is admitted.

## II. The First and Second Trial

42. Paragraph 42 is admitted.

43. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 43 and, accordingly, leave the plaintiff to his burden of proof.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

44. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 44 and, accordingly, leave the plaintiff to his burden of proof.

45. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 45 and, accordingly, leave the plaintiff to his burden of proof.

46. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 46 and, accordingly, leave the plaintiff to his burden of proof.

47. Paragraph 47 is admitted.

48. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 48 and, accordingly, leave the plaintiff to his burden of proof.

49. Paragraph 49 is admitted.

50. Paragraph 50 is admitted.

51. The Connecticut Supreme Court ruling is a written document to which reference is made for its full terms and conditions. If a response is required, to the extent any allegations of Paragraph 51 contradict the Connecticut Supreme Court ruling referenced therein, they are denied.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

52. The Connecticut Supreme Court ruling is a written document to which reference is made for its full terms and conditions. If a response is required, to the extent any allegations of Paragraph 52 contradict the Connecticut Supreme Court ruling referenced therein, they are denied.

**II. The Third Trial: Discovery of Exculpatory Statement by the Lone Witness**

53. Paragraph 53 is admitted.

54. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 54 and, accordingly, leave the plaintiff to his burden of proof.

55. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 55 and, accordingly, leave the plaintiff to his burden of proof.

56. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 56 and, accordingly, leave the plaintiff to his burden of proof.

**III. The Third Trial: Discovery of Exculpatory Evidence Regarding the State's Firearms Expert**

57. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 57 and, accordingly, leave the plaintiff to his burden of proof.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

58. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 58 and, accordingly, leave the plaintiff to his burden of proof.

59. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 59 and, accordingly, leave the plaintiff to his burden of proof.

60. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 60 and, accordingly, leave the plaintiff to his burden of proof.

61. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 61 and, accordingly, leave the plaintiff to his burden of proof.

62. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 62 and, accordingly, leave the plaintiff to his burden of proof.

63. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 63 and, accordingly, leave the plaintiff to his burden of proof.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

64. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 64, including footnote 5, and, accordingly, leave the plaintiff to his burden of proof.

65. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 65 and, accordingly, leave the plaintiff to his burden of proof.

66. The Connecticut Supreme Court ruling is a written document to which reference is made for its full terms and conditions. If a response is required, to the extent any allegations of Paragraph 66 contradict the Connecticut Supreme Court ruling referenced therein, they are denied.

67. So much of Paragraph 67 as alleges "on March 11, 2024, the jury returned a verdict of not guilty" is admitted. As to the remaining allegations defendants lack sufficient personal knowledge or information on which to form an opinion and, accordingly, leave the plaintiff to his burden of proof.

## IV. Mr. Raynor Suffered Damages During His Eleven Years in Prison

68. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 68 and, accordingly, leave the plaintiff to his burden of proof.

69. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 69 and, accordingly, leave the plaintiff to his burden of proof.

70. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 70 and, accordingly, leave the plaintiff to his burden of proof.

71. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 71 and, accordingly, leave the plaintiff to his burden of proof.

72. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 72 and, accordingly, leave the plaintiff to his burden of proof.

73. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 73, including footnote 6, and, accordingly, leave the plaintiff to his burden of proof.

## FIRST CAUSE OF ACTION

### 42 U.S.C. §1983 – Withholding/Suppression of Brady Material: Rivera Statement (Against Defendants Siemionko, Plourde, Rostkowski, Jacobson, John Jane Does #1-10)

74. As to paragraph 74, the defendants incorporate by reference their existing answers to all previous allegations.

75. Paragraph 75 is denied.

76. Paragraph 76 is denied.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

77. Paragraph 77 is denied.

78. Paragraph 78 is denied.

79. Defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraph 79 and, accordingly, leave the plaintiff to his burden of proof.

80. Paragraph 80 is denied.

81. Paragraph 81 is denied

82. Paragraph 82 is denied.

## SECOND CAUSE OF ACTION

### 42 U.S.C. §1983 – Violation of Brady, Omissions and Misrepresentations in the Arrest Warrant (Against Defendants Rostkowski and Siemionko)

83. As to paragraph 83, the defendants incorporate by reference their existing answers to all previous allegations.

84. Paragraph 84 is denied.

85. Paragraph 85 is denied.

86. Paragraph 86 is denied.

87. Paragraph 87 is denied.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

## THIRD CAUSE OF ACTION

**42 U.S.C. § 1983 – Failure to Intervene**
**(Against Defendants Siemionko, Plourde, Rostkowski, Jacobson, John and Jane Does #1-10)**

88. As to paragraph 88, the defendants incorporate by reference their existing answers to all previous allegations.

89. Paragraph 89 is denied.

90. Paragraph 90 is denied.

91. Paragraph 91 is denied.

## FOURTH CAUSE OF ACTION

**42 U.S.C. §1983 – Withholding/Suppression of Brady Material**
**(Against Defendant Stephenson)**

92. As to paragraph 92, the defendants incorporate by reference their existing answers to all previous allegations.

93-98. As to paragraphs 93 through 98, the Fourth Cause of Action is directed to a separate defendant. To the extent a response is required, these defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraphs 93 through 98 and, accordingly, leave the plaintiff to his burden of proof.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

## FIFTH CAUSE OF ACTION

**42 U.S.C. § 1983 – Fourth, Fifth, and Fourteenth Amendments – Municipal Liability (Against Defendant City of Hartford)**

99. As to paragraph 99, the defendants incorporate by reference their existing answers to all previous allegations.

100-104. As to paragraphs 100 through 104, the Fifth Cause of Action is directed to a separate defendant. To the extent a response is required, these defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraphs 100 through 104 and, accordingly, leave the plaintiff to his burden of proof.

## SIXTH CAUSE OF ACTION

**Negligence (Against Defendants Siemionko, Plourde, Rostkowski, Jacobson, Stephenson, and John and Jane Does #1-10)**

105. As to paragraph 105, the defendants incorporate by reference their existing answers to all previous allegations.

106. Paragraph 106 is denied.

107. Paragraph 107 is denied.

a. Paragraph 107a is denied.

b. Paragraph 107b is denied.

108. Paragraph 108 is denied.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

## SEVENTH CAUSE OF ACTION

**Negligent Infliction of Emotional Distress**
**(Against Defendants Siemionko, Plourde, Rostkowski, Jacobson, Stephenson, and John and Jane Does #1-10)**

109. As to paragraph 109, the defendants incorporate by reference their existing answers to all previous allegations.

110. Paragraph 110 is denied.

111. Paragraph 111 is denied.

## EIGHTH CAUSE OF ACTION

**Indemnification-Conn. Gen. Stat. § 7-465**
**(Against Defendant City of Hartford)**

112. As to paragraph 112, the defendants incorporate by reference their existing answers to all previous allegations.

113-117. As to paragraphs 113 through 117, the Eighth Cause of Action is directed to a separate defendant. To the extent a response is required, these defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraphs 113 through 117 and, accordingly, leave the plaintiff to his burden of proof.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

## NINTH CAUSE OF ACTION

**Article First, §§ 7, 8 and 9 of the Connecticut Constitution**
**(Against Defendants Siemionko, Plourde, Rostkowski,**
**Jacobson, Stephenson, and John and Jane Does #1-10)**

118. As to paragraph 118, the defendants incorporate by reference their existing answers to all previous allegations.

119. Paragraph 119 is denied.

120. Paragraph 120 is denied.

## TENTH CAUSE OF ACTION

**Direct Action – Conn. Gen. Stat. § 52-557n**
**(Against Defendant City of Hartford)**

121. As to paragraph 121, the defendants incorporate by reference their existing answers to all previous allegations.

122-127. As to paragraphs 122 through 127, the Tenth Cause of Action is directed to a separate defendant. To the extent a response is required, these defendants lack sufficient personal knowledge or information on which to form an opinion or belief as to the truth of the allegations of Paragraphs 122 through 127 and, accordingly, leave the plaintiff to his burden of proof.

## PRAYER FOR RELIEF

Defendants deny that plaintiff is entitled to any of the relief requested in his Request for Relief.


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The action and conduct of Detectives Siemionko and Rostkowski, to the extent it occurred, was objectively reasonable under the circumstances of which they were aware and they are, therefore, protected from liability by the doctrine of qualified immunity.

### SECOND AFFIRMATIVE DEFENSE

The action and conduct of Detectives Siemionko and Rostkowski, to the extent it occurred, did not violate any clearly established law and they are therefore protected from liability by the doctrine of qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of governmental immunity, pursuant to Conn. Gen. Stat. § 52-557n and common law.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the doctrine of absolute testimonial immunity.

### FIFTH AFFIRMATIVE DEFENSE

These defendants are protected from liability by the doctrine of absolute prosecutorial immunity.



**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

**SIXTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the applicable statute of limitations, C. G. S . § 52-577, C.G.S. § 52-584, and/or C.G.S. § 7-465.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the applicable statute of repose C.G.S. § 52-584 and/or C.G.S. § 7-465.

**EIGHTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

The defendants claim the protection of the doctrine of res judicata, to the extent claims or issues were conclusively determined in prior proceedings.

**TENTH AFFIRMATIVE DEFENSE**

The defendants claim the protection of the doctrine of collateral estoppel, to the extent claims or issues were conclusively determined in prior proceedings.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, or some of them, are barred by the immunities set forth in C.G.S . § 52-557n(a)(2)(A) and C.G.S. § 52-557n(a)(2)(B).


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030

**TWELFTH AFFIRMATIVE DEFENSE**

The plaintiff s claims or some of them are barred by C.G.S. § 52-557n(b)(6).

**THIRTEENTH AFFIRMATIVE DEFENSE**

If plaintiff suffered the injuries and damages as alleged such injuries and damages were caused by the plaintiff's own contributory negligence.

**JURY TRIAL DEMAND**

Defendants WILLIAM SIEMIONKO and MARK ROSTKOWSKI, respectfully demand a trial by jury on all claims.

DEFENDANT, WILLIAM SIEMIONKO and
MARK ROSTKOWSKI

BY/ss/ James N. Tallberg
James N. Tallberg
Federal Bar No.: ct17849
Andrew J. Glass
Federal Bar No.: ct30054
Karsten & Tallberg, LLC
500 Enterprise Dr., Suite 4B
Rocky Hill, CT 06067
T: (860)233-5600
F: (860)233-5800
jtallberg@kt-lawfirm.com
aglass@kt-lawfirm.com

**CERTIFICATION**

This is to certify that on July 6, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/ss/ James N. Tallberg
James N. Tallberg


**Karsten & Tallberg, LLC** • ATTORNEYS AT LAW
500 ENTERPRISE DRIVE, SUITE 4B • ROCKY HILL, CT 06067 • (860) 233-5600 • FAX: (860) 233-5800 • JURIS NO. 424030